IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC., | ) |
| Plaintiff, | ) ) ) ) Civil Action No. |
| v. | ) ) _____ |
| CHARITY CONTRACT HAULING, LLC; LAMAR CHARITY; MARIO VAN MCILWAIN; DANIEL LOYAL; and WENDY LOYAL, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff OOIDA RISK RETENTION GROUP, INC., for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a), states as follows:

### THE PARTIES

1. Plaintiff OOIDA Risk Retention Group, Inc. ("OOIDA") is a corporation incorporated under the laws of Vermont with its principal place of business in Missouri.

2. Defendant Charity Contract Hauling, LLC is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina.

3. Defendant Lamar Charity is an individual resident citizen of the state of North Carolina.

4. Defendant Mario Van McIlwain is an individual resident citizen of the state of South Carolina.

5. Defendant Daniel Loyal is an individual resident citizen of Orange County, North Carolina.

6. Defendant Wendy Loyal is an individual resident citizen of Orange County, North Carolina.

## JURISDICTION

7. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and the Defendants in the action, and the amount in controversy, including the potential costs of defending and indemnifying Defendants in connection with the automobile accident at issue in the lawsuit that underlies this matter, and the liability limits of the policy issued by Plaintiff, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

9. Venue is properly in this Court premised upon 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this district and the underlying lawsuit upon which this declaratory judgment action is based is pending in state court in this district.

## THE OOIDA POLICY

10. Plaintiff OOIDA issued an automobile liability policy to defendant Charity Contract Hauling, LLC, policy number PL19958849L, effective from March 15, 2019 to March 15, 2020, with a liability coverage limit of $1,000,000.00 (the "Policy"), a copy of which is attached hereto as Exhibit A.

11. The Motor Carrier Coverage Form in the policy contains the following insuring agreement:

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

* * *

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

12. In the Motor Carrier Coverage Form Declarations, the Policy states that Covered Autos for liability coverage are described under Symbol 67.

13. The Policy defines Covered Autos under Symbol 67 as "Specifically Described 'Autos' – Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)."

14. The Policy Declarations list, by reference to the "SCHEDULE OF COVERED AUTOS YOU OWN" form, only a "1999 Freightliner" tractor, a "2015 Freightliner" tractor, and a "2000 Strick/DV" trailer.

15. The Policy provides as follows with respect to who is an insured:

1. WHO IS AN INSURED

The following are "insureds":

a. You for any covered "auto".

b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1) The owner, or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".

   (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".

   (5) A partner (if you are a partnership), or member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. The owner or anyone else from whom you hire or borrow a covered "auto" that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.

d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

16. The Policy also contains a Form MCS-90 Endorsement, in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration.

## THE ACCIDENT

17. On May 17, 2019, Mario Van McIlwain was allegedly driving a 2020 HINO box truck, VIN 5PVNJ8JV7L4S76233, southbound on Interstate 85 in Rowan County, North Carolina.

18. On May 17, 2019, Defendant Daniel Loyal was allegedly driving a 2017 Ford Explorer southbound on Interstate 85 in Rowan County, North Carolina.

19. On May 17, 2019, a collision occurred between the vehicles driven by Mario Van McIlwain and Daniel Loyal, allegedly causing injury to Daniel Loyal (the "Accident").

20. Upon information and belief, neither Charity Contract Hauling, LLC; Lamar Charity; nor Mario Van McIlwain were transporting property in interstate commerce for hire on May 17, 2019.

## THE UNDERLYING LAWSUIT

21. Defendants Daniel Loyal and Wendy Loyal have filed a lawsuit as a result of the Accident in the Superior Court of Orange County, North Carolina, styled *Daniel Loyal and Wendy Loyal v. Ford Motor Company; Lear Corporation; EAN Holdings, LLC; Enterprise Leasing Company-Southeast, LLC; Mario Van McIlwain; Lamar Charity; Charity Contract Hauling, LLC; FGO Delivers, LLC; and FGO Delivers, LLC d/b/a GO Logitics,* Case No. 19CV001486 (the "Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit B.

22. The plaintiffs in the Underlying Lawsuit seek to recover damages from the defendants related to injuries incurred by Daniel Loyal in the Accident.

COUNT ONE – NO DUTY TO DEFEND

23. Plaintiff OOIDA re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above, as if set forth fully herein.

24. The 2020 HINO box truck, VIN 5PVNJ8JV7L4S76233, driven by Mario Van McIlwain at the time of the Accident, as identified in the Complaint in the Underlying Lawsuit, is not a Covered Auto under the Policy.

25. Based upon the foregoing provisions of the Policy and the facts set forth herein, Plaintiff OOIDA is not required to defend Charity Contract Hauling, LLC, Lamar Charity, or Mario Van McIlwain in the Underlying Lawsuit because no Covered Auto under the Policy was involved in the Accident.

26. In addition, neither Defendant Lamar Charity nor Mario Van McIlwain qualifies as an insured under the Policy, and that is an additional reason Plaintiff OOIDA is not required to defend Lamar Charity or Mario Van McIlwain in the Underlying Lawsuit.

27. Plaintiff OOIDA believes there may be other defenses relating to its lack of duty to defend which may be revealed during discovery in this action, and therefore incorporates all terms, conditions, exclusions and other provisions of the Policy as defenses to any claims of a duty to defend.

COUNT TWO – NO DUTY TO INDEMNIFY

28. Plaintiff OOIDA re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above, as if set forth fully herein.

29. The 2020 HINO box truck, VIN 5PVNJ8JV7L4S76233, driven by Mario Van McIlwain at the time of the Accident, as identified in the Complaint in the Underlying Lawsuit, is not a Covered Auto under the Policy.

30. Based upon the foregoing provisions of the Policy and the facts set forth herein, Plaintiff OOIDA is not required to indemnify Charity Contract Hauling, LLC, Lamar Charity, or Mario Van McIlwain for the claims against them in the Underlying Lawsuit because no Covered Auto under the Policy was involved in the Accident.

31. In addition, neither Defendant Lamar Charity nor Mario Van McIlwain qualifies as an insured under the Policy, and that is an additional reason Plaintiff OOIDA is not required to indemnify Lamar Charity or Mario Van McIlwain for the claims against them in the Underlying Lawsuit.

32. Plaintiff OOIDA believes there may be other defenses relating to its lack of duty to indemnify which may be revealed during discovery in this action, and therefore incorporates all terms, conditions, exclusions and other provisions of the Policy as defenses to any claims of coverage.

## COUNT THREE – MCS-90 ENDORSEMENT NOT APPLICABLE

33. Plaintiff OOIDA re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as if set forth fully herein.

34. Plaintiff OOIDA has no obligation as to any defendants under the MCS-90 endorsement attached to the Policy because Charity Contract Hauling, LLC was not transporting property in interstate commerce for hire at the time of the Accident.

35. In addition, the MCS-90 endorsement does not apply to claims against Lamar Charity or Mario Van McIlwain because they are not the named insured motor carrier in the MCS-90 endorsement.

## REQUEST FOR RELIEF

36. Based upon the foregoing facts and the attached exhibits, there presently exists a justiciable controversy as to whether coverage and a duty to defend exists as to the claims asserted against Charity Contract Hauling, LLC, Lamar Charity, and Mario Van McIlwain in the Underlying Lawsuit, and whether the MCS-90 endorsement attached to the Policy applies to claims in the Underlying Lawsuit.

37. Accordingly, Plaintiff OOIDA respectfully requests the following relief:

(1) That the Court declare that OOIDA has no duty to defend Charity Contract Hauling, LLC, Lamar Charity, or Mario Van McIlwain in the Underlying Lawsuit;

(2) That the Court declare that there is no coverage under the Policy for the claims asserted against Charity Contract Hauling, LLC, Lamar Charity, or Mario Van McIlwain in the Underlying Lawsuit and that OOIDA has no duty to indemnify Charity Contract Hauling, LLC, Lamar Charity, or Mario Van McIlwain for such claims;

(3) That the Court declare that OOIDA does not have any obligation under the MCS-90 endorsement attached to the Policy with regard to the claims in the Underlying Lawsuit; and

(4) Any other and further relief as this Court deems just and proper.

Dated: March 18, 2020.

/s/ Michael P. Johnson
MICHAEL P. JOHNSON
NC Bar No.: 30630
MCMICKLE, KUREY & BRANCH, LLP
217 Roswell Street, Suite 200
Alpharetta, GA 30009
Phone: (678) 824-7808
Fax: (678) 824-7801
Email: mjohnson@mkblawfirm.com
***Attorney for Plaintiff***