```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    1:20cv259<br>) |
| CHARITY CONTRACT HAULING, LLC;<br>LAMAR CHARITY; MARIO VAN<br>MCILWAIN; DANIEL LOYAL; and,<br>WENDY LOYAL, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

This is an action by Plaintiff OOIDA Risk Retention Group, Inc. ("OOIDA") for a declaratory judgment, pursuant to 28 U.S.C. § 1391, regarding insurance coverage relating to a vehicle accident that is the subject of a pending state court lawsuit. Before the court are two dispositive motions by OOIDA. First, OOIDA moves for summary judgment against Defendants Mario van McIlwain, who was the driver of the truck in the underlying accident, and Daniel and Wendy Loyal (the "Loyals"), who were the injured parties in the accident. (Doc. 42.) The Loyals do not oppose the motion for summary judgment, but McIlwain has not responded. (Doc. 46.) Second, OOIDA moves for default judgment against Defendants Charity Contract Hauling, LLC., ("Charity Hauling"), McIlwain's alleged employer at the time of the accident,

and Lamar Charity, its vice president. (Doc. 44.) Neither Charity Hauling nor Lamar Charity has appeared in this case. For the reasons explained below, both motions will be granted.

I. BACKGROUND

The facts, briefly stated, are alleged to be as follows:

In March 2019, OOIDA issued an automobile liability policy (the "Policy") to Charity Hauling. (Doc. 1 ¶ 10; Doc. 1-1.) OOIDA contends that the Policy only covers the following vehicles used by Charity Hauling: a 1999 Freightliner tractor, a 2015 Freightliner tractor, and a 2000 Strick/DV trailer. (Doc. 1 ¶ 14.)

On May 17, 2019, McIlwain, while working for Charity Hauling, was driving a 2020 HINO box truck (the "truck"), which collided with a 2017 Ford Explorer driven by Daniel Loyal. (Doc. 1 ¶¶ 17-18.) At the time of the collision, the truck had been leased to Charity Hauling and Lamar Charity and was delivering goods on behalf of both. (Doc. 1-2 at 6.)

The Loyals filed a lawsuit in Orange County, North Carolina, on November 4, 2019, against McIlwain, Charity Hauling, and Lamar Charity, among others, seeking damages for injuries arising out of the accident (the "state court lawsuit"). (Doc. 1 ¶ 20; Doc. 1-2.) On March 18, 2020, OOIDA filed this declaratory judgment action against Charity Hauling, Lamar Charity, McIlwain, and the Loyals, seeking a declaration that it has no duty to defend or to indemnify Charity Hauling, Lamar Charity, or McIlwain as to the

2

state court lawsuit. (Doc. 1 ¶¶ 25-26, 30-31.) OOIDA argues this is because the Policy covers neither the truck as a "covered auto" nor Charity Hauling, Lamar Charity, or McIlwain as insureds under the Policy. (Doc. 1 ¶¶ 24-25, 29-31.) Further, while the Policy also has an MCS-90 endorsement,[1] and while OOIDA alleges in the complaint that the MCS-90 endorsement is not applicable (Doc. 1 ¶¶ 34-35), after mediation with the Loyals OOIDA now concedes that the endorsement applies but argues that it does not create a duty to defend any party in the state court lawsuit (Doc. 43 at 9). The Loyals, who are the injured plaintiffs in the state court lawsuit, agree that the Policy raises no duty to defend or to indemnify related to the accident. (Doc. 46.) Further, except for McIlwain's answer filed in this case (as noted below), the record contains no indication that anyone has asserted that OOIDA bears either a duty to defend anyone in the state court lawsuit or

---

[1] The MCS-90 endorsement is for motor carrier policies of insurance for public liability under sections 29 and 30 of the Motor Carrier Act of 1980 and provides in pertinent part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

(Doc. 1-1 at 26.)

3

a duty to indemnify any judgment that might result from it.  The complaint, summary judgment motion, and motion for default judgment all lack any indication that any party has demanded that OOIDA defend or indemnify it.  Importantly, neither Charity Hauling, to whom the Policy was apparently issued (see Doc. 1-1 at 4, 10), nor Lamar Charity has appeared in the present action.  McIlwain only filed an answer.  In it, his second defense contends that the complaint should be dismissed to permit the matters to proceed in the state court lawsuit.  (Doc. 17 at 2.)  And while McIlwain's answer prays for a judgment declaring a duty to defend him, it is only in response to OOIDA's complaint in this case. (Id. at 5.)

## II. ANALYSIS

### A. Standing

An insurer seeking a declaratory judgment must demonstrate that it faces a concrete injury sufficient to show standing.  "The 'irreducible constitutional minimum of standing' requires the petitioner to allege a concrete injury that is 'actual or imminent, not conjectural or hypothetical.'"  Trustgard Insurance Co. v. Collins, 942 F.3d 195, 199 (4th Cir. 2019) (citing Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560 (1992)). Otherwise, a federal court potentially exceeds its constitutional authority outlined in Article III of the Constitution and runs the risk of rendering nothing more than an advisory opinion.  Id. (citing Spokeo, Inc.

4

v. Robins, 578 U.S. 330, 337-38 (2016); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).) Thus, a plaintiff bears the burden of showing it has standing. See Overbey v. Mayor of Baltimore, 930 F.3d 215, 226-27 (4th Cir. 2019). And even if standing is demonstrated, a court must consider whether it should exercise its discretionary jurisdiction under the Declaratory Judgment Act. Trustgard, 942 F.3d at 201-02 (citing Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995); Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376-77 (4th Cir. 1994)).

In determining whether to proceed, the court must determine if the case is ripe for adjudication. OOIDA is seeking a declaration that it has no duty either to defend or to indemnify the parties in this case. District courts must be careful to "distinguish between the duty to defend and the duty to indemnify in determining whether each issue posed in a declaratory-judgment is ripe for adjudication." Adm. Ins. Co. v. Niagara Transformer Corp., 57 F.4th 85, 93 (2d Cir. 2023) (collecting cases). Pursuant to North Carolina law, the duty to defend is "broader than [the] obligation to pay damages incurred by events covered by a particular policy." Wm. C. Vick Const. Co. v. Great Am. Ins. Co., 52 F. Supp. 2d 569, 575 (E.D.N.C. 1999) (citing Waste Management of Carolinas, Inc. v. Peerless Ins. Co., 340 S.E.2d 374, 377 (N.C. 1986)), aff'd sub. nom. Wm. C. Vick Const. Co. v. Great American Ins. Co., 213 F.3d 634 (4th Cir. 2000) (unpublished)).

5

The duty to defend arises "when the claim against the insured sets forth facts representing a risk covered by the policy." Id. (citing Fieldcrest Cannon, Inc. v. Fireman's Fund Ins. Co., 477 S.E.2d 59, 66 (N.C. App. 1996)). This is determined by what North Carolina courts call the "comparison test," where "the pleadings are read side-by-side with the policy to determine whether the events as alleged are covered or excluded." Waste Mgmt. of Carolinas, 340 S.E.2d at 378. "[T]he facts alleged [in the pleadings] are to be taken as true and compared to the language of the insurance policy." Kubit v. MAG Mut. Ins. Co., 708 S.E.2d 138, 144 (N.C. App. 2011) (quoting Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C., 692 S.E.2d 605, 610 (N.C. 2010)). "When the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable." Waste Mgmt. of Carolinas, 340 S.E.2d at 377. This is true even if the facts alleged in the complaint are groundless, false, or fraudulent accusations. Id. at 378. Only "if the facts are not even arguably covered by the policy" can an insurer be excused from its duty to defend. Kubit, 708 S.E.2d at 144 (citing Waste Mgmt. of Carolinas, 340 S.E.2d at 378). "If the facts, as alleged in the complaint, could support liability under the policy, then a duty to defend arises on the insurer's part . . . [and] any doubt as to coverage is to be resolved in favor of the insured." Peerless Ins. v.

6

Strother, 765 F. Supp. 866, 869 (E.D.N.C. 1990) (citing Waste Mgmt. of Carolinas, 340 S.E.2d at 694). Even where the complaint fails to assert claims falling within the coverage provided, an insurer's duty to defend may still be found where the insurer knows or could reasonably ascertain facts that, if proven, would be covered by the policy. Waste Mgmt. of Carolinas, 340 S.E.2d at 377. However, the inverse is not true. New NGC, Inc. v. Ace Am. Ins. Co., 105 F. Supp. 3d 552, 568 (W.D.N.C. 2015) (citing St. Paul Fire & Marine Ins. Co. v. Vigilant Ins. Co., 724 F. Supp. 1173, 1179 (M.D.N.C. 1989) (noting that an insurer may not exonerate itself of liability by concluding that no coverage exists despite the allegations of the complaint), aff'd, 919 F.2d 235 (4th Cir. 1990)). Whether there is a duty to defend is a question of law. Great West Casualty Co. v. Packaging Corp. of Am., 444 F. Supp. 3d 664, 673 (M.D.N.C. 2020).

In contrast, "an insurer's duty to indemnify will depend on resolution of facts alleged in the complaint." Great West, 444 F. Supp. 3d at 674 (citing Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 413 (4th Cir. 2004)). To that end, courts have held that a "duty to indemnify is generally resolved after the underlying lawsuit." Id. (citing Trustgard, 942 F.3d at 200) (other citations omitted). However, if the court determines that there is no duty to defend after reviewing the complaint in the underlying lawsuit and accepting all the facts as true, it necessarily follows that "the

7

court may also reach the conclusion that there is no duty to indemnify as well." Great West, 444 F. Supp. 3d at 674.

Here, the duty to defend claims are ripe for adjudication. An underlying lawsuit has been pending in state court for nearly four years. (Doc. 1-2.) The Loyals named McIlwain, Lamar Charity, and Charity Hauling as parties (Doc. 1-2 at 1), and Charity Hauling held an insurance policy with OOIDA (Doc. 1-1). Pursuant to North Carolina law, the filing of the state court lawsuit can trigger a duty to defend, particularly now that OOIDA has actual notice of it. See Kubit, 708 S.E.2d at 154 (adopting the "majority rule" and holding that "in North Carolina, the duty to defend arises when an insurer receives actual notice of the underlying action.") Based on these facts, the court finds it has jurisdiction to determine whether a duty to defend exists against OOIDA.

B.  **Court's Discretion**

A court must also determine whether it should exercise its discretion to decide the declaratory judgment action. See Trustgard, 942 F.3d at 201. Whether the court should do so is subject to the same legal analysis but can turn on whether the question is sufficiently concrete. An insurer who contends it has no duty to defend generally can either defend a claim tendered to it under a reservation of rights or seek a declaratory judgment that it has no obligation to defend. Trustguard, 942 F.3d at 200 (citing Medical Assur. Co., Inc. V. Hellman, 610 F.3d 371, 381-82

8

(7th Cir. 2010)). While there is no evidence that any Defendant has tendered the defense of the state court lawsuit to OOIDA, OOIDA has actual notice of it, which is sufficient under North Carolina law to trigger the duty to defend. Kubit, 708 S.E.2d at 154. The court should therefore exercise its discretion to decide the declaratory judgment action.

### C. Duty to Defend and Indemnify

OOIDA seeks a declaratory judgment by default against Charity Hauling and Lamar Charity and by summary judgment against McIlwain.

Default is available pursuant to Federal Rule of Civil Procedure 55 and Local Rule 7.3(k)[2] upon a showing that the defendant failed to defend a claim. When a motion for default judgment is unopposed, the court must exercise "sound judicial discretion" to determine whether to enter it. United States v. Williams, No. 1:17-cv-00278, 2017 WL 3700901, at *1 (M.D.N.C. Aug. 25, 2017) (internal quotation marks omitted). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact, but not conclusions of law, contained in the complaint. J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). The party moving for default judgment must still show that the defaulted party was properly

---

[2] Local Rule 7.3(k) states: "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

9

served, Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996),[3] and that the "unchallenged factual allegations constitute a legitimate cause of action," Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010). See Romenski, 845 F. Supp. 2d at 705 (noting that default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought").

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Basnight v. Diamond Developers, Inc., 146 F. Supp. 2d 754, 760 (M.D.N.C. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In determining a motion for summary judgment, the court views the "evidence in the light most favorable to the non-moving party, according that party the benefit of all reasonable inferences." Id. Summary judgment should be denied "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes

---

[3] Here, OOIDA has demonstrated by a preponderance that it has properly served Defendants Charity Hauling and Lamar Charity by publication, pursuant to North Carolina Rule of Civil Procedure 4(e) and (j1), after both refused OOIDA's process server's attempts at personal service on multiple occasions. (Docs. 23, 24.) The Clerk of Court properly entered default thereafter. (Docs. 26, 27.)

10

affirmatively that the adverse party cannot prevail under any circumstances." Guessford v. Pa. Nat'l Mut. Cas. Ins. Co., 983 F. Supp. 2d 652, 659 (M.D.N.C. 2013) (quoting Campbell v. Hewitt, Coleman & Assocs., Inc., 21 F.3d 52, 55 (4th Cir. 1994)).

While the movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact, once that burden has been met, the non-moving party must demonstrate the existence of a genuine dispute of material fact. Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 521 (4th Cir. 2003); Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). A mere scintilla of evidence is insufficient to circumvent summary judgment. Anderson, 477 U.S. at 252; Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013) ("[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (noting that there is an affirmative duty for "the trial judge to prevent 'factually unsupported claims and defenses' from proceeding to trial" (citation omitted)). Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." Mitchell v. Data General Corp., 12 F.3d 1310, 1315–16 (4th Cir. 1993).

In the state court lawsuit, the Loyals allege several claims

11

against McIlwain, Lamar Charity, and Charity Hauling. Against McIlwain they allege negligence and wanton conduct (Doc. 1-2 at 29-33), and against Lamar Charity and Charity Hauling they allege vicarious liability for the actions of McIlwain, as well as negligence and wanton conduct (Doc. 1-2 at 39-44). The Loyals also seek damages from all the defendants in the state court lawsuit for loss of consortium. (Doc. 1-2 at 50-51.)

OOIDA contends that the Motor Carrier Coverage Form in the Policy only grants insurance for "Covered Autos." (Doc. 1 ¶ 12; see Doc. 1-1 at 57 (listing the three covered vehicles).) The Policy provides in pertinent part:

> A. COVERAGE
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> \* \* \*
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

(Doc. 1-1 at 30.)

The complaint in the state court lawsuit alleges that McIlwain

12

was driving a 2020 HINO box truck, which collided with the Loyals' automobile. (Doc. 1 ¶¶ 17-18.) The Policy's Schedule of Covered Autos does not list that truck, and thus OOIDA contends it has no duty to defend Charity Hauling. (See Doc. 1-1 at 57.) Further, the Policy defines an "insured" as only those who are in some manner operating or owning a "covered auto" or "anyone liable for the conduct of an 'insured.'" (Doc. 1-1 at 30.) Therefore, OOIDA contends, neither McIlwain nor Lamar Charity are "insureds" pursuant to the Policy, and OOIDA has no duty to defend them. (Doc. 1 ¶¶ 23-27.) Finally, OOIDA notes, and the Loyals concede, that the MCS-90 endorsement does not create a duty to defend. (Doc. 43 at 9.)

The comparison test makes clear that the alleged claims could not possibly fall within the Policy and OOIDA therefore has no duty to defend McIlwain, Lamar Charity, or Charity Hauling in the state court lawsuit. The truck McIlwain was allegedly driving during the accident is not a "covered auto" under the Policy to give rise to an insuring obligation. Further, neither McIlwain nor Lamar Charity is an "insured" for this accident under the Policy. Moreover, the court agrees that the MCS-90 endorsement, which operates as a surety bond even where there is no coverage under the Policy and which OOIDA concedes applies, does not create a duty to defend. Titan Indemnity Co. v. Gaitan Enters., Inc., 237 F. Supp. 3d 343, 349 (D. Md. 2017) (noting that federal courts

13

have consistently stated that the MCS-90 endorsement does not create a duty to defend claims which are not covered by the policy but only by the endorsement) (citing Harco Nat'l Ins. Co. v. Bobac Trucking, 107 F.3d 733, 735-36 (9th Cir. 1997); Carolina Ca. Ins. Co. v. Yeates, 584 F.3d 868, 883 (10th Cir. 2009); T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc., 242 F.3d 667, 677 (5th Cir. 2001)).

Because the court finds that OOIDA has no duty to defend the Defendants, it necessarily follows that there can be no duty to indemnify them. See Great West, 444 F. Supp. 3d at 674. The court will therefore grant OOIDA's motions.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that OOIDA's motion for summary judgment seeking a declaratory judgment that it has no duty to defend or indemnify McIlwain and the Loyals (Doc. 42) is GRANTED;

IT IS FURTHER ORDERED that OOIDA's motion for default judgment seeking a declaratory judgment that it has no duty to defend or indemnify Charity Hauling and Lamar Charity (Doc. 44) is GRANTED; and

IT IS FURTHER ORDERED that this action be DISMISSED.

          /s/   Thomas D. Schroeder
          United States District Judge

March 30, 2023